**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE HARRINGTON & KING PERFORATING CO., INC. AND HARRINGTON & KING SOUTH, INC., | ) ) ) | Case No. 16-15650 (Jointly Administered) |
| | ) | Hon. Deborah L. Thorne |
| Debtors. | ) ) | |
| | ) | Hearing: June 22, 2016, at 9:30 a.m. |
| | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **, June 22, 2016, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Deborah L. Thorne, or any judge sitting in her stead, in Room 613 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the *Application For Order Authorizing Official Committee of Unsecured Creditors to Retain and Employ Goldstein & McClintock LLLP as Counsel*, a copy of which is hereby served upon you.

*Remainder of page intentionally left blank*

Dated: May 31, 2016          **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE HARRINGTON & KING PERFORATING CO., INC. AND HARRINGTON & KING SOUTH, INC.**

By: /s/ Christopher Ciannella_____
       Chairperson

Submitted by:

By: /s/ Thomas R. Fawkes
       One of Its Proposed Attorneys

Thomas R. Fawkes, Esq.
Brian J. Jackiw, Esq.
GOLDSTEIN & MCCLINTOCK LLLP
208 S. LaSalle St., Suite 1750
Chicago, Illinois 60604
Telephone: (312) 377-7700
Facsimile: (312) 277-2305
E-mail: tomf@goldmclaw.com

## **CERTIFICATE OF SERVICE**

I, Thomas R. Fawkes, the undersigned attorney, hereby certify that on May 31, 2016, I caused a copy of the *Notice of Motion* and *Application For Order Authorizing Official Committee of Unsecured Creditors to Retain and Employ Goldstein & McClintock LLLP as Counsel* to be filed via the Court's ECF system and served upon the parties registered to receive CM/ECF notice and first class U.S. mail as indicated.

/s/ Thomas R. Fawkes

**Parties Served Via CM/ECF**

Michael A Brandess on behalf of Creditor Sugar Felsenthal Grais & Hammer, LLP
mbrandess@SugarFGH.com  bkdocket@sugarfgh.com

Whitman H. Brisky on behalf of Creditor Southern Heritage Bank
wbrisky@mauckbaker.com WHBCourt@mauckbaker.com; raguilan@mauckbaker.com
mhills@mauckbaker.com

Deborah K Ebner on behalf of Debtor 1 Harrington & King South, Inc.
dkebner@deborahebnerlaw.com  sbutz@deborahebnerlaw.com webmaster@debnertrustee.com
lizd@deborahebnerlaw.com

Deborah K Ebner on behalf of Debtor 1 The Harrington & King Perforating Co., Inc.
dkebner@deborahebnerlaw.com  sbutz@deborahebnerlaw.com; webmaster@debnertrustee.com;
lizd@deborahebnerlaw.com

William J Factor on behalf of Debtor 1 Harrington & King South, Inc.
wfactor@wfactorlaw.com  wfactorlaw@gmail.com  bharlow@wfactorlaw.com;
wfactor@ecf.inforuptcy.com wfactormyecfmail@gmail.com

William J Factor on behalf of Debtor 1 The Harrington & King Perforating Co., Inc.
wfactor@wfactorlaw.com wfactorlaw@gmail.com  bharlow@wfactorlaw.com;
wfactor@ecf.inforuptcy.com wfactormyecfmail@gmail.com

James A Fields on behalf of Creditor Southern Heritage Bank
jfields@sampleslaw.com
.
Aaron L. Hammer on behalf of Creditor Sugar Felsenthal Grais & Hammer, LLP
ahammer@sugarfgh.com  chorvay@sugarfgh.com  mbrandess@sugarfgh.com;
joconnor@sugarfgh.com  mmelickian@sugarfgh.com  bkdocket@sugarfgh.com
dmadden@sugarfgh.com

David Paul Holtkamp on behalf of Debtor 1 The Harrington & King Perforating Co., Inc. dholtkamp@wfactorlaw.com   bharlow@wfactorlaw.com  dholtkamp@ecf.inforuptcy.com; nbouchard@wfactorlaw.com

Michael B Kind on behalf of Creditor Inland Bank and Trust
michael.kind@lockelord.com  karen.soto@lockelord.com  ChicagoDocket@lockelord.com

Patrick S Layng  USTPRegion11.ES.ECF@usdoj.gov

Zhijun Liu on behalf of Debtor 1 Harrington & King South, Inc.
jliu@wfactorlaw.com   jliu@ecf.inforuptcy.com  bharlow@wfactorlaw.com; nbouchard@wfactorlaw.com

Zhijun Liu on behalf of Debtor 1 The Harrington & King Perforating Co., Inc.
jliu@wfactorlaw.com   jliu@ecf.inforuptcy.com   bharlow@wfactorlaw.com nbouchard@wfactorlaw.com

Sara E Lorber on behalf of Debtor 1 The Harrington & King Perforating Co., Inc.
slorber@wfactorlaw.com  slorber@ecf.inforuptcy.com   nbouchard@wfactorlaw.com bharlow@wfactorlaw.com

Phillip W. Nelson on behalf of Creditor Inland Bank and Trust
phillip.nelson@lockelord.com  karen.soto@lockelord.com  ChicagoDocket@lockelord.com

Wayne Owen on behalf of Creditor Pension Benefit Guaranty Corporation
owen.wayne@pbgc.gov, efile@pbgc.gov

**Parties Served Via First Class U.S. Mail**

AA METALS INC
P O BOX 864794
ORLANDO, FL 32886-4794

ACCOUNTEMPS
12400 COLLECTIONS
CENTER DRIVE
CHICAGO, IL 60693

AMERICAN EXPRESS
BILL PAYMENT
P.O. Box 360001
FT LAUDERDALE, FL 33336

ATLAS TOYOTA MATERIAL
HANDLING
5050 N. RIVER ROAD
SCHILLER PARK, IL 60176

CAREY,FILTER,WHITE &
BOLAND
33 W. JACKSON BLVD
5th FLOOR
CHICAGO, IL 60604

CHICAGO STAINLESS, INC
PO BOX 10464
PITTSBURGH, PA 15234

COGS ENTERPRISES, INC.
132 WEST DEVON
BENSENVILLE, IL 60106

COMED
P.O. BOX 6112
CAROL STREAM, IL 60197-6112

FORT DEARBORN PARTNERS, INC.
101 N. WACKER DR., STE. 1150
CHICAGO, IL 60606

GENERAL GRINDING CO.
P.O. BOX 113
ADDISON, IL 60101-3071

IPMG-INSURANCE PROGRAM
MANAGER GROUP
225 SMITH ROAD
ST. CHARLES, IL 60174

LANDSBERG
25794 NETWORK PLACE
CHICAGO, IL 60673-1257

LEXINGTON STEEL CORP.
1998 RELIABLE PARKWAY
CHICAGO, IL 60686

MILLER COOPER & CO, LTD
1751 LAKE COOK ROAD
SUITE 400
DEERFIELD, IL

PHOENIX METALS COMPANY
P.O. BOX 932589
ATLANTA, GA 31193-258960015

ROCK VALLEY OIL
& CHEMICAL CO.
1911 WINDSOR ROAD
ROCKFORD, IL 61111

SAMUEL, SON & CO, INC (C)
24784 NETWORK PLACE
CHICAGO, IL 60673-1247

SELECTIVE INSURANCE
BOX 371468
PITTSBURGH, PA 15250-7468

SUGAR FELSENTHAL
GRAIS & HAMMER LLP
30 N. LASALLE ST., STE. 3000
CHICAGO, IL 60602

VINAKOM COMMUNICATIONS
860 REMINGTON ROAD
SCHAUMBURG, IL 60173

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE HARRINGTON & KING PERFORATING ) | Case No. 16-15650 |
| CO., INC. AND HARRINGTON & KING ) | (Jointly Administered) |
| SOUTH, INC., ) | |
| ) | Hon. Deborah L. Thorne |
| Debtors. ) | |
| ) | Hearing: June 22, 2016 at 9:30 a.m. |
| ) | |

**APPLICATION FOR ORDER AUTHORIZING OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND
EMPLOY GOLDSTEIN & MCCLINTOCK LLLP AS COUNSEL**

The Official Committee of Unsecured Creditors (the "*Committee*") appointed in the above-captioned chapter 11 cases of The Harrington & King Perforating Co., Inc. ("*H&K*") and Harrington & King South, Inc. ("*H&K South*" and collectively with H&K, the "*Debtors*"), respectfully request (the "*Application*") that this Court enter an order pursuant to sections 327(a), 328(a) and 1103 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), authorizing the Committee to retain and employ the law firm of Goldstein & McClintock LLLP ("*G&M*") as counsel for the Committee, effective as of May 19, 2016 (the "*Retention Date*"). In support of this Application, the Committee submits the Declaration of Thomas R. Fawkes (the "*Fawkes Declaration*"), which is attached hereto as <u>Exhibit A</u>. In further support hereof, the Committee respectfully represents as follows:

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3. On May 7, 2016 (the "*Petition Date*"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

4. The Debtors maintain possession of their property and are operating and managing their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On May 19, 2016, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code. On that same day, the Committee selected G&M as its counsel.

6. The Committee is comprised of the following unsecured creditors:

| **Members** |
|---|
| Steel Sales Corporation |
| Fort Dearborn Partners, Inc. |
| Randstad USA |

### Relief Requested

7. By this Application, the Committee seeks to employ and retain G&M as its bankruptcy counsel, effective as of the Retention Date. Accordingly, the Committee respectfully requests that the Court enter an pursuant to sections 327(a), 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the Committee to employ and retain G&M as its counsel to perform legal services that will be necessary during this chapter 11 case.

8. Pursuant to section 328(a) of the Bankruptcy Code, the Committee requests that the Court approve the retention of G&M on the terms and conditions set forth herein and in the

2

Fawkes Declaration, which provide that G&M will be compensated in accordance with G&M's normal hourly rates in effect when services are rendered, and normal reimbursement policies.

### Services to be Rendered

9. The Committee has selected G&M as its counsel because of the firm's extensive experience and knowledge in the fields of corporate reorganization and bankruptcy law, as well as the industry in which the Debtors operate. Accordingly, G&M possesses the requisite expertise and background to handle matters that are likely to arise in this bankruptcy case.

10. The Committee contemplates that G&M will provide the full range of services required to represent the Committee in the course of this case, including:

    a. advising the Committee on all legal issues as they arise;

    b. representing and advising the Committee regarding the terms of any sales of assets or plans of reorganization or liquidation, and assisting the Committee in negotiations with the Debtor and other parties-in-interest;

    c. investigating the Debtors' assets and pre-bankruptcy conduct, and investigating the validity, priority and extent of any liens asserted against the Debtors' assets;

    d. preparing, on behalf of the Committee, all necessary pleadings, reports, and other papers;

    e. representing and advising the Committee in all proceedings in this case;

    f. assisting and advising the Committee in its administration; and

    g. providing such other services as are customarily provided by counsel to a creditors' committee in cases of this kind.

### Compensation

11. Pursuant to section 328(a) of the Bankruptcy Code, the Court may approve G&M's retention on any reasonable terms. The Committee submits that the most reasonable terms and conditions are those agreed upon by G&M and the Committee, which are substantially similar to those entered into between G&M and other clients on a daily basis in a competitive

market for legal services. Subject to the Court's approval, G&M will charge for its legal services on an hourly basis in accordance with its standard hourly rates in effect on the date that services are rendered, subject to certain financial accommodations made by G&M as set forth in this Application. The billing rates for G&M attorneys for the 2016 calendar year range from approximately $195 per hour for new associates to $725 per hour for senior partners. The billing rates for G&M paraprofessionals for the 2016 calendar year are $225 per hour.

12. The standard hourly rates for the 2016 calendar year of the G&M professionals presently expected to have primary responsibility for providing services to the Committee are as follows: (i) Thomas R. Fawkes (Partner) - $435/hour; (ii) Brian J. Jackiw (Partner) - $335/hour; and (iii) Sean P. Williams (Associate) - $255/hour. G&M has agreed, as an accommodation to the Committee and the estates, to cap its blended hourly rate for attorneys and paraprofessionals at $375/hour.

13. From time to time, it may be necessary for other G&M professionals to provide services to the Committee. In all appropriate circumstances, G&M will employ the services of associates and paraprofessionals having lower hourly rates in order to minimize administrative expenses to the estate.

14. The Committee also has agreed to reimburse G&M, subject to the Court's approval, for all actual out-of-pocket expenses incurred by G&M on the Committee's behalf, such as filing fees, document reproduction, teleconference charges, mail and express mail charges, travel expenses (excluding professional time), overnight courier expenses, transcription costs and other disbursements. G&M will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to G&M's other clients. G&M will make every effort to minimize expenses in these chapter 11 cases.

15. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. G&M will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above by category and nature of the services rendered.

16. The Committee understands that G&M intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, further orders of this Court and the guidelines established by the Office of the United States Trustee for all services performed and expenses incurred on or after the Retention Date.

17. The Committee requests that all legal fees and related costs incurred by the Committee on account of services rendered by G&M in this case be paid as administrative expenses of the Debtor's estate in accordance with the Bankruptcy Code and applicable orders entered in this case.

### **Disinterestedness**

16. To the best of G&M's knowledge, and except as disclosed in the Fawkes Declaration, G&M does not hold or represent any interest adverse to the Committee or the creditors of the estate. G&M may, however, have represented or may currently represent several of the Debtors' creditors or parties-in-interest in connection with matters unrelated to these chapter 11 cases.

17. G&M's review of its electronic conflicts database further showed no conflicts, allowing G&M to conclude that is a "disinterested person."

5

18. As set forth in the Fawkes Declaration, G&M has no agreement with any other entity to share any compensation received. Accordingly, G&M is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code as of the Bankruptcy Code, and G&M's employment is in the best interests of the Committee and should be approved.

### Retroactive Relief

19. The Committee is requesting that this Application be approved retroactively to May 19, 2016 – the date the Committee selected G&M as its counsel. "The Seventh Circuit is one of those courts which has held that under proper circumstances, the 'equitable aspects of bankruptcy proceedings permit the court to retroactively approve the employment' of professionals who rendered services for a debtor even absent strict compliance with § 327." *Gowan v. Lefkas Gen. Partners No. 1017 (In re Lefkas Gen. Partners No. 1017)*, 153 B.R. 804, 808 (N.D. Ill. 1993) (citations omitted). Here, this Application is being submitted within one week of the Committee's appointment, and four days after the United States Trustee filed the notice of formation of the Committee. The Committee submits that retroactive approval of G&M's retention is appropriate under the circumstances because of: (1) the short duration of time between the retention of G&M and the filing of this Application; and (2) the need for G&M's services immediately after its retention by the Committee.

### Notice

20. Pursuant to Bankruptcy Rule 2014(a), notice of a retention application need only be served on the Office of the United States Trustee. *See* 9 COLLIER ON BANKRUPTCY § 2014.02, at 2014-4 (15th ed. rev. 2003) ("The [retention] application must be filed with the clerk of the court, and in cases other than those under chapter 9, served upon the United States trustee"). Nonetheless, notice of this Application has been sent to: (a) counsel for the Debtors; (b) the U.S.

6

Trustee; (c) each of the members of the Committee; and (d) all parties that have filed appearances and requested service of papers filed in this case.

**WHEREFORE**, the Committee respectfully requests that the Court: (a) authorize the Committee, pursuant to sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ G&M in accordance with the terms hereof, retroactive to May 19, 2016; and (b) grant such other and further relief as the Court deems just and proper.

Dated: May 31, 2016

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE HARRINGTON & KING PERFORATING CO., INC. AND HARRINGTON & KING SOUTH, INC.**

By: /s/ Christopher Ciannella_____
         Chairperson

Submitted by:

By: /s/  Thomas R. Fawkes
         One of Its Proposed Attorneys

Thomas R. Fawkes, Esq.
Brian J. Jackiw, Esq.
GOLDSTEIN & MCCLINTOCK LLLP
208 S. LaSalle St., Suite 1750
Chicago, Illinois 60604
Telephone: (312) 377-7700
Facsimile: (312) 277-2305
E-mail: tomf@goldmclaw.com