**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Jointly Administered |
| The Harrington & King Perforating Co., | ) | |
| Inc. and Harrington & King South, Inc., | ) | Bankruptcy No. 16-15650 |
| | ) | |
| Debtors. | ) | Honorable Deborah L. Thorne |

**FIRST AND FINAL FEE APPLICATION OF ULMER & BERNE LLP FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES, AS SPECIAL COUNSEL TO THE DEBTOR
AND NOTICE OF APPLICATION**

| | |
|---|---|
| Name of Applicant: | Ulmer & Berne LLP |
| Authorized to Provide Professional Services as: | Special counsel to the Chapter 11 Debtor |
| Date of Application: | December 16, 2016 |
| Date of Order Approving Appointment: | July 13, 2016, retroactive to June 13, 2016 |
| Period for which Fees and Reimbursement are Sought: | June 13, 2016 through August 31, 2016 |
| Amount of Fees Sought as Actual, Reasonable and Necessary: | $22,668.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $35.30 |

This application is: _____ interim __x__ final. If this is not the first application filed, please state the following for each other application:

| Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees Expenses and Date |
|---|---|---|---|
| N/A | | | |

{00080435}

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Jointly Administered |
| The Harrington & King Perforating Co., | ) | |
| Inc. and Harrington & King South, Inc., | ) | Bankruptcy No. 16-15650 |
| | ) | |
| Debtors. | ) | Honorable Deborah L. Thorne |

**NOTICE OF FIRST AND FINAL FEE APPLICATION OF ULMER & BERNE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, AS SPECIAL COUNSEL TO THE DEBTOR, AND HEARING TEHREON**

1.  **Please take notice** that on December 16, 2016, Ulmer & Berne (the "*Firm*") filed its *First Interim Application for Compensation and Reimbursement of Expenses, as Special Counsel to the Debtors* (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. In the Application, Ulmer & Berne seeks compensation in the amount of $22,668.25 and reimbursement of expenses in the amount of $35.30 for the period of June 13, 2016, through August 31, 2016. You may obtain a copy of the Application upon request to: Bradley D. Kaplan, Ulmer & Berne at the address below.

2.  **Please take further notice** that a hearing to consider the Application will be held before the Honorable Deborah L. Thorne, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 613 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, on **December 28, 2016, at 9:30 a.m. prevailing Central Time**, or as soon thereafter as the undersigned counsel may be heard.

Dated: December 16, 2016　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Heidi E. VonderHeide
　　　　　　　　　　　　　　　　　　　Heidi E. VonderHeide (ID# 6294010)
　　　　　　　　　　　　　　　　　　　Booker T. Coleman, Jr. (ID# 6305324)
　　　　　　　　　　　　　　　　　　　Ulmer & Berne LLP
　　　　　　　　　　　　　　　　　　　500 West Madison Street, Suite 3600
　　　　　　　　　　　　　　　　　　　Chicago, IL 60661-4587
　　　　　　　　　　　　　　　　　　　Phone: (312) 658-6558
　　　　　　　　　　　　　　　　　　　Fax: (312) 659-6559
　　　　　　　　　　　　　　　　　　　hvonderheide@ulmer.com
　　　　　　　　　　　　　　　　　　　bcoleman@ulmer.com

{00080435}

*- and -*

Bradley D. Kaplan
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio
(513) 698-5140
(513) 698-5141 Fax

*Special Counsel for Debtor*

## CERTIFICATE OF SERVICE

I, Heidi E. VonderHeide, an attorney, hereby certify that on December 16, 2016, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused:

1. Copies of the *Notice of First and Final Application of Ulmer & Berne for Allowance and Payment of Compensation and Reimbursement of Expenses, as Special Counsel to the Debtors and Hearing Thereon* and the *First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Ulmer & Berne, as Special Counsel to the Debtors* to be served on the entities identified on the below Special Service List through the Court's Electronic Notice for Registrants, as indicated thereon.

2. Copies of the *Notice of First and Final Application of Ulmer & Berne for Allowance and Payment of Compensation and Reimbursement of Expenses, as Special Counsel to the Debtors and Hearing Thereon* to be served on the entities identified on the below General Service List via U.S. Mail.

/s Heidi E. VonderHeide

## SPECIAL SERVICE LIST

**Registrants in the Case**
(Service via ECF)

Jason P Allain notice@billbusters.com,
jallain@billbusters.com;billbusters@iamthewolf.com;borgeslawoffices@gmail.com;billbusters@ecf.inforuptcy.com

Michael A Brandess mbrandess@sfgh.com, bkdocket@sfgh.com

Whitman H. Brisky on behalf of Creditor Southern Heritage Bank wbrisky@mauckbaker.com, WHBCourt@mauckbaker.com;raguilan@mauckbaker.com;mhills@mauckbaker.com

Deborah K Ebner dkebner@deborahebnerlaw.com, sbutz@deborahebnerlaw.com;webmaster@debnertrustee.com;lizd@deborahebnerlaw.com

William J Factor wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com

Thomas R. Fawkes tomf@goldmclaw.com, seanw@restructuringshop.com

James A Fields jfields@sampleslaw.com

Aaron L. Hammer ahammer@sfgh.com, chorvay@sfgh.com;mbrandess@sfgh.com;joconnor@sfgh.com;mmelickian@sfgh.com;bkdocket@sfgh.com;dmadden@sfgh.com;tschwallier@sfgh.com

Bret Harper on behalf of Creditor Phoenix Metal Company bharper@seyfarth.com, chidocket@seyfarth.com

David Paul Holtkamp dholtkamp@wfactorlaw.com

Brian J Jackiw brianj@goldmclaw.com, seanw@restructuringshop.com

Michael B Kind michael.kind@lockelord.com, karen.soto@lockelord.com;ChicagoDocket@lockelord.com

Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov

Zhijun Liu jliu@wfactorlaw.com, jliu@ecf.inforuptcy.com;bharlow@wfactorlaw.com;nbouchard@wfactorlaw.com

Sara E Lorber slorber@wfactorlaw.com, slorber@ecf.inforuptcy.com;nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com

Phillip W. Nelson phillip.nelson@lockelord.com, karen.soto@lockelord.com;ChicagoDocket@lockelord.com

Wayne Owen owen.wayne@pbgc.gov, efile@pbgc.gov

James M Philbrick jmphilbrick@att.net

Paul H Scheuerlein pscheuerlein@gaido-fintzen.com, lynette@g-f.co;ecf@g-f.co

Elizabeth B Vandesteeg evandesteeg@sfgh.com, bkdocket@sfgh.com

Stephen A Yokich efile@laboradvocates.com, syokich@laboradvocates.com

**Entities which have requested notice who are not Registrants**
(Service via Regular U.S. Mail)

TN Dept of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
PO Box 20207
Nashville, TN 37202-0207

## GENERAL SERVICE LIST

See attached matrix.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Jointly Administered |
| The Harrington & King Perforating Co., | ) | |
| Inc. and Harrington & King South, Inc., | ) | Bankruptcy No. 16-15650 |
| | ) | |
| Debtors. | ) | Honorable Deborah L. Thorne |

**FIRST AND FINAL APPLICATION OF ULMER & BERNE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, AS SPECIAL COUNSEL TO THE DEBTOR**

1.  By this Application, Ulmer & Berne LLP ("U&B") seeks an order of this Court: (a) allowing and awarding U&B fees in the amount of $22,668.25 for professional services rendered by U&B as special counsel to The Harrington & King Perforating Co., Inc. and Harrington & King South, Inc., the debtors and debtors-in-possession (the "Debtors"), and (b) reimbursement of actual and necessary expenses in the amount of $35.30 incurred on behalf of the Debtors, during the period of June 13, 2016 through August 31, 2016 (the "Application Period").

2.  U&B makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as discussed further herein.

{00080435}

## JURISDICTION

3. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

4. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

5. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

## Case Background

6. On May 7, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of title 11, 11 U.S.C. §§ 101 – *et seq.* (the "Bankruptcy Code").

7. Pursuant to §§ 1107(a) and 1108, the Debtor continues to operate its business and manage its financial affairs as debtor-in-possession. A committee of unsecured creditors was appointed on May 23, 2016.

8. H&K Illinois was founded in the late 19th Century and moved into its current facility on the far west side of Chicago in the early 1920's. To meet increasing demand, it added the building across the street from its main production facility in 1972. These two facilities are owned and comprise approximately 135,000 square feet. In 1978, H&K Illinois acquired another metal perforating operation in the Southeast, now operating as Harrington & King South, Inc. ("**H&K South**"), which sits on approximately 10.5 owned acres and comprises approximately 55,000 square feet.

9. The Debtors are in the business of manufacturing perforating metal sheets and rolled coils of varying gauges and types to produce hole patterns of various sizes, shapes, and spacing. Most of the work is done to customer specifications and consists of high value-added jobs, not typical of most metal punching. The Debtors' products are used in automotive, acoustics, architecture, food and pharmaceutical straining and filtering, interior design, manufacturing, safety flooring, pollution control, transportation and mining cleaning and grading, electronics and other fields.

10. In 1975, H&K Illinois established the Harrington & King Perforating Co., Inc. Bargaining Unit Employees Pension Plan, (the "*Pension Plan*") which is covered by the Employee Retirement Income Security Act of 1974 ("*ERISA*").  H&K Illinois' union employees participated in the Pension Plan, although entry into the Pension Plan was frozen as to some employees in 2005, and as to all employees as of 2011.

11. Under ERISA, H&K South is in the "controlled group" for the Pension Plan as a wholly-owned subsidiary of H&K Illinois.

12. Over the last several years, due to the same financial and managerial issues that led to the filing of this jointly administered case, H&K Illinois did not make the required contributions to the Pension Plan. According to an actuarial valuation report provided by the third-party administrator for the Pension Plan, the plan is approximately 76% funded under the Adjusted Funding Target Attainment Percentage (AFTAP) standard, with a funding target shortfall of approximately $1 million.

13. The claims of Debtors' current and former employees, including the claims asserted by the Pension Benefit Guaranty Corporation ("*PBGC*"), represent a substantial portion of the Debtors' obligations.  To date, the U.S. Department of Labor has filed three proofs of claim

against the Debtors, one for $701,905.80 for a unfunded medical claims that the Debtors are required to pay under a now-terminated self-insurance health care plan known as the Harrington & King Perforating Co., Inc. Cafeteria Plan, (PoC 3), and two proofs of claim for $0 each relating to two 401(k) plans for which H&K Illinois is a fiduciary. Addressing these claims are be an important aspect of the Cases and an effective reorganization by the Debtors.

14. The Debtors thus needed experienced and capable attorneys versed in employment law, employee benefits law, including ERISA, to help them address the various employment issues, employee benefit claims and issues likely to arise in the Case, and to provide counsel and guidance to the Debtors on such matters.

15. The Debtors sought the counsel of the attorneys at U&B have the expertise and experience in employment law and employee benefits law, including ERISA, that the Debtors need to address such matters in the Case.

16. By order of July 13, 2016, the Court approved the retention of U&B and the payment by the Debtors to Ulmer & Berne of a $10,000 retainer.

**Breakdown of Fees by Category of Services Rendered**

17. U&B states that this is the first and final application for compensation and expense reimbursement in this case. U&B has made no prior request for fees nor has it been awarded any fees to date in the Bankruptcy Case. As provided for in the Retention Order, U&B received payment of a $10,000 retainer on October 17, 2016. Otherwise, no payments have been made to U&B to date for services rendered or to be rendered in any capacity whatsoever in connection with the Case. No agreement or understanding exists between U&B and any other person for the sharing of the compensation received or to be received for services rendered or to

be rendered in connection with this case, except for the sharing of compensation among partners of U&B, pursuant to their partnership agreement.

18. The fees for services provided by U&B during the Application (collectively, the "Services") are broken down by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Amount |
|---|---|---|---|---|
| Atkinson, Todd A. | Associate | $ 319.50 | .50 | $ 159.75 |
| Hardy, Richard G. | Partner | 495.00 | 12.40 | 6,138.00 |
| Kaplan, Bradley D. | Partner | 418.50 | 23.80 | 9,960.30 |
| Shlonsky, Patricia A. | Partner | 468.00 | 17.50 | 8,190.00 |
| Tucker, Michael S. | Partner | 423.00 | 2.80 | 1,184.40 |
| Watowicz, Adam R. | Associate | 234.00 | 8.70 | 2,035.80 |
| | | Totals: | 65.70 | $ 27,668.25 |
| | | Adjusted Fees Sought: | | $22,668.25 |

19. The rates of compensation of U&B's professionals set forth above represent a discount of 10% for each professional, as well as a further overall voluntary $5,000 reduction of fees.

20. Each of the persons who performed Services kept daily time records, which are attached hereto and made part hereof as **Exhibit A**, as the day-to-day detailed description of legal services rendered by U&B acting as special counsel in connection with this bankruptcy case during the Application Period. The attached itemization sets forth in detail the nature of the services rendered, the initials of the individuals by whom the services were rendered, the time expended by such individuals in performing such Services, the dates of Services that were rendered, and the general categories of Services that were performed by U&B. U&B submits that the compensation sought in connection with the Services rendered is reasonable based on the

nature, extent and value of such Services, the time spent on such Services, the cost of the comparable Services rendered in cases other than bankruptcy cases, and other factors adopted by the Seventh Circuit in its analysis of fee applications.

   A. <u>General</u>.  U&B expended a total of 12.2 hours with a value of **$4,986.90** in connection with matters involving the general administration of the bankruptcy case and the engagement as special counsel, including communications regarding engagement of U&B as special counsel to the Debtors, analysis of potential conflicts, review of declaration in support of retention and related pleadings in connection with the Case, and review of motion to appoint U&B as special counsel.

   B. <u>ERISA/Employee Benefit Matters</u>.  U&B expended a total of 53.5 hours with a at a cost of **$22,681.35** in connection with certain ERISA-related matters in connection with the bankruptcy filing.  This amount reflects the review of communications between the H&K Chicago Debtor and the Pension Benefit Guarantee Corporation, review of employee benefit plan documents, preparation and participation in conference calls regarding employee benefit matters, drafting a memorandum summarizing open employee benefits issues, review of the Department of Labor subpoena regarding H&K Chicago's health plan, and strategizing for the disposition of H&K Chicago's defined benefit plan.

  21. The breakdown of the actual and necessary costs and expenses incurred by the Debtors is also set forth in **<u>Exhibit A</u>.**  The total amount of such costs and expenses is $**35.30**.  U&B submits that all of the expenses requested are reasonable, necessary and appropriately reimbursable in the case.  U&B requests that the Court approve and allow the payment sought.

  22. After submission of the time detail to the Debtors, the Debtors and U&B negotiated a further discount to U&B's fees.  U&B has agreed to a $5,000 discount from the $27,668.25 as long as payment can be made by the end of the year.  Thus, U&B requests $22,668.25 as its fees by this Application.

**Discussion**

  23. Under § 330(a)(1)(A), the Court may award professional persons "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. §330(a)(1)(A).  Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

24. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach – multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); accord *In re UNR Indus., Inc.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

25. The Seventh Circuit has mandated that an "attorney's actual billing rate . . . is considered to be the presumptive market rate." *Richard Wolf Med. Instruments Corp. v. Small*, 264 F.3d 702, 707 (7th Cir. 2001). Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added).

26. Additionally, under generally accepted standards, if the services of an attorney employed under § 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors,*

*Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 LAWRENCE P. KING, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); cf. 11 U.S.C. §330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

27. The average hourly billing rate for the attorneys who performed the Services—that is the "lodestar" rate—is $421.13. This average rate is fair and reasonable in light of the Services provided and the experience of U&B's professionals. Moreover, the compensation requested by U&B is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either bankruptcy or non-bankruptcy cases.

28. With respect to reimbursing expenses, the Court may award a professional person "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B).

29. "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." *In re Spanier Bros., Inc.,* 191 B.R. 738, 749 (Bank. N.D. Ill. 1996).

30. The Expenses were the actual and necessary expenses incurred on behalf of the Debtor and U&B respectfully submits the Expenses were required to accomplish the proper representation of the Debtor and the estate.

**Request for Shortened and Limited Notice**

31. No prior request for the relief requested by the Application has been made to this Court or any other court.

32. Rule 2002 provides that all creditors shall be provided with 21 days' notice of a request for compensation. A notice advising the hearing on this Application has been

transmitted to all creditors on December 15, 2016. A copy of the notice is appended hereto. Due to the expense that would be incurred in serving this Application upon all creditors in the Case, U&B respectfully submits that sufficient cause exists to limit service of the complete Application to the parties on the Special Service List, including (a) the U.S. Trustee; (b) counsel to the Debtors' prepetition secured creditors; (c) the Creditors' Committee through their counsel; and (d) any entity that has filed a request for notice of the above-captioned cases pursuant to Bankruptcy Rule 2002. Notice of the Application and the hearing thereon has been provided to all creditors in the Case with claims for fixed dollar amounts and who have filed proofs of claim, as identified on the General Service List, and copies of the Application will be provided at no charge to any party upon request. Creditors that have filed an appearance in the case and that receive notice to the ECF system have been provided with a copy of this entire Application.

33. The notice was transmitted to provide 12 days' notice instead of the usually required 21 days. Bankruptcy Rule 9006 further provides "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bank. P. 9006(c)(1).

34. Limiting notice period is appropriate here because the Debtors and U&B have been negotiated a discount on fees. U&B has offered a $5,000 discount, which will only be available until the end of the year.

WHEREFORE, U&B respectfully requests as follows:

(1) The Application be granted in its entirety;

(2)     U&B be allowed the sum of **$22,668.25** for services and **$35.30** for actual, necessary expenses for a total of **$22,703.55**, and that said amount be allowed as an administrative expense pursuant to 11 U.S.C. §§330(a), 503(b), 506(c) and 507(a);

(3)     The Debtors be authorized to immediately disburse the total amount—less the $10,000 retainer which has already been paid—of $12,703.55 to U&B as an administrative expense; and

(4)     U&B be granted such other relief as may be just and equitable.

Dated: December 16, 2016                Respectfully submitted,

/s/ Heidi E. VonderHeide
Heidi E. VonderHeide (ID# 6294010)
Booker T. Coleman, Jr. (ID# 6305324)
Ulmer & Berne LLP
500 West Madison Street, Suite 3600
Chicago, IL 60661-4587
Phone: (312) 658-6558
Fax: (312) 659-6559
hvonderheide@ulmer.com
bcoleman@ulmer.com

*- and -*

Bradley D. Kaplan
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio
(513) 698-5140
(513) 698-5141 Fax

***Special Counsel for Debtor***