**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE HARRINGTON & KING PERFORATING CO., INC. AND HARRINGTON & KING SOUTH, INC. | ) ) ) | Case No. 16-15650 |
| | ) | Honorable Deborah L. Thorne |
| | ) | |
| Debtors. | ) | |

**NOTICE OF FOURTH AND FINAL APPLICATION OF GOLDSTEIN & MCCLINTOCK LLLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**PLEASE TAKE NOTICE** that a hearing on the *Fourth and Final Application of Goldstein & McClintock LLLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses*, together with objections timely filed, if any, will be held before the Honorable Deborah L. Thorne, Bankruptcy Judge, Courtroom No. 613, 219 South Dearborn Street, Chicago, Illinois, on February 15, 2018 at the hour of 10:00 a.m., at which time and place you may appear if you so see fit.

Date: January 26, 2018

**GOLDSTEIN & MCCLINTOCK LLLP**

By: /s/ Thomas R. Fawkes

Thomas R. Fawkes, Esq.
Brian J. Jackiw, Esq.
**GOLDSTEIN & MCCLINTOCK LLLP**
111 West Washington Street, Suite 1221
Chicago, Illinois 60602
Telephone: 312.337.7700
Facsimile: 312.277.2305

*Counsel to the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I, Thomas R. Fawkes, an attorney, hereby certify that on January 26, 2018, a true and correct copy of the *Notice of Application* and *Fourth and Final Application of Goldstein & McClintock LLLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses*, was served via the Court's CM/ECF system and electronic mail.

                              /s/ Thomas R. Fawkes

## SERVICE LIST

**VIA CM/ECF**

Michael A Brandess on behalf of Creditor Sugar Felsenthal Grais & Hammer, LLP
mbrandess@SugarFGH.com, bkdocket@sugarfgh.com

Whitman H. Brisky on behalf of Creditor Southern Heritage Bank
wbrisky@mauckbaker.com,
WHBCourt@mauckbaker.com;raguilan@mauckbaker.com;mhills@mauckbaker.com

Deborah K Ebner on behalf of Debtor 1 Harrington & King South, Inc.
dkebner@deborahebnerlaw.com,
sbutz@deborahebnerlaw.com;webmaster@debnertrustee.com;lizd@deborahebnerlaw.com

William J Factor on behalf of Debtor 1 Harrington & King South, Inc.
wfactor@wfactorlaw.com,
wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com

Thomas R. Fawkes on behalf of Creditor Committee Official Committee of Unsecured Creditors
tomf@restructuringshop.com, seanw@restructuringshop.com;teresag@restructuringshop.com

James A Fields on behalf of Creditor Southern Heritage Bank
jfields@sampleslaw.com

Aaron L. Hammer on behalf of Creditor Sugar Felsenthal Grais & Hammer, LLP
ahammer@sugarfgh.com,

chorvay@sugarfgh.com;mbrandess@sugarfgh.com;joconnor@sugarfgh.com;mmelickian@sugarfgh.com;bkdocket@sugarfgh.com;dmadden@sugarfgh.com

Bret Harper on behalf of Creditor Phoenix Metal Company
bharper@seyfarth.com, chidocket@seyfarth.com

David Paul Holtkamp on behalf of Debtor 1 The Harrington & King Perforating Co., Inc.
dholtkamp@wfactorlaw.com

Brian J Jackiw on behalf of Creditor Committee Official Committee of Unsecured Creditors
brianj@restructuringshop.com, seanw@restructuringshop.com;teresag@restructuringshop.com

Michael B Kind on behalf of Creditor Inland Bank and Trust
michael.kind@lockelord.com, karen.soto@lockelord.com;ChicagoDocket@lockelord.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Zhijun Liu on behalf of Plaintiff The Harrington & King Perforating Co., Inc.
jliu@wfactorlaw.com,
jliu@ecf.inforuptcy.com;bharlow@wfactorlaw.com;nbouchard@wfactorlaw.com

Sara E Lorber on behalf of Plaintiff The Harrington & King Perforating Co., Inc.
slorber@wfactorlaw.com,
slorber@ecf.inforuptcy.com;nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com

Phillip W. Nelson on behalf of Creditor Inland Bank and Trust
phillip.nelson@lockelord.com, karen.soto@lockelord.com;ChicagoDocket@lockelord.com

Wayne Owen on behalf of Creditor Pension Benefit Guaranty Corporation
owen.wayne@pbgc.gov, efile@pbgc.gov

James M Philbrick on behalf of Creditor Ally Financial Inc. f/k/a GMAC Inc.
jmphilbrick@att.net

Elizabeth B Vandesteeg on behalf of Other Prof. Sugar Felsenthal Grais & Hammer, LLP
evandesteeg@sugarfgh.com, bkdocket@sugarfgh.com

Stephen A Yokich on behalf of Creditor United Steel Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union
efile@laboradvocates.com, syokich@laboradvocates.com

Stephen A Yokich on behalf of Creditor United Steel Workers, Local 9777
efile@laboradvocates.com, syokich@laboradvocates.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE HARRINGTON & KING PERFORATING CO., INC. AND HARRINGTON & KING SOUTH, INC. | ) ) ) | Case No. 16-15650 |
| | ) | Honorable Deborah L. Thorne |
| Debtor. | ) ) ) | **Hearing: February 15, 2018 at 10:00 a.m.** |

**FOURTH AND FINAL APPLICATION OF GOLDSTEIN & MCCLINTOCK LLLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Goldstein & McClintock LLLP ("*G&M*"), counsel to the Official Committee of Unsecured Creditors (the "*Committee*") appointed in the cases of the above-captioned debtors (the "*Debtors*"), hereby submits its Fourth and Final Fee Application of Goldstein & McClintock LLLP as Counsel to the Committee (the "*Application*"), pursuant to sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and requests entry of an order in the form attached hereto: (i) allowing compensation in the amount of $6,637.00[1] for legal services rendered and reimbursement of expenses in the amount of $211.00 during the period from December 1, 2017 through and including February 15, 2018 (the "*Fourth Application Period*"); (ii) allowing final compensation in the amount of $97,162.50 for legal services rendered and reimbursement of expenses in the amount of $936.13 during the period from May 19, 2016 through and including February 15, 2018 (the "*Case Period*") (which includes the amounts allowed in the First, Second and Third Interim Fee Applications of Goldstein & McClintock LLLP as Counsel to the Committee); and (iii) directing the Debtors to

---

[1] This amount is inclusive of an estimated $2,000.00 in compensation for the period between the filing date of this Application and February 15, 2018.

pay to G&M all allowed and previously unpaid fees and reimbursable expenses upon entry of an order approving the Application. In support of the Application, G&M respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On May 7, 2016 (the "*Petition Date*"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

4. The Debtors maintain possession of their remaining property and are operating and managing their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On May 19, 2016, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code. On that same day, the Committee selected G&M as its counsel.[2]

6. The Committee is comprised of the following unsecured creditors:

| Members |
|---|
| Steel Sales Corporation |
| Fort Dearborn Partners, Inc. |
| Randstad USA |

---

[2] The U.S. Trustee's office filed the notice of appointment on May 23, 2016, but the appointment took place on May 19, 2016.

6. On June 22, 2016, this Court entered an order [Docket No. 76] approving G&M's retention and employment retroactive to May 19, 2016.

7. On January 26, 2017, G&M filed its *First Interim Application of Goldstein & McClintock LLLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses* (the "*First Interim Application*") [Docket No. 190].

8. In its First Interim Application, G&M sought fees in the amount of $34,933.00 and reimbursement of expenses in the amount of $310.43.

9. This Court entered an order approving fees of $34,933.00 and expenses in the amount of $290.80 (the "*First Interim Order*") [Docket No. 197]. G&M has been paid in full on the First Interim Application and First Interim Order.

10. On July 28, 2017, G&M filed its *Second Interim Application of Goldstein & McClintock LLLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses* (the "*Second Interim Application*") [Docket No. 243].

11. In its Second Interim Application, G&M sought allowance and payment of interim compensation in the amount of $22,350.50 and reimbursement of expenses in the amount of $101.57.

12. On August 22, 2017, this Court entered an order approving all requested fees and expenses in the aggregate amount of $22,452.07 (Docket No. 257, the "*Second Interim Order*"). G&M has received payment in the amount of $19,156.28 on account of the Second Interim Order, and accordingly, are still owed $3,295.79 on account thereof.

13. On November 29, 2017, G&M filed its *Third Interim Application of Goldstein & McClintock LLLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses* (the "*Third Interim Application*") [Docket No. 294].

14. In its Third Interim Application, G&M sought fees in the amount of $29,086.00 and reimbursement of expenses in the amount of $332.76.

15. On December 21, 2017, this Court entered an order approving all requested fees and expenses in the aggregate amount of $29,418.76 (Docket No. 304, the "*Third Interim Order*"). G&M has not received any payment on account of the Third Interim Order.

16. By this Application, in addition to the foregoing amounts, G&M seeks final approval of compensation in the amount of $6,637.00 and reimbursable expenses in the amount of $211.00 for the period from December 1, 2017 through February 15, 2018. Included in this amount is a request for $2,000.00 in estimated compensation and reimbursable expenses for the period between the date of filing of this Application and the February 15, 2018 hearing date. To the extent that actual fees of G&M are more than $2,000.00, G&M will agree to waive any claim for such amounts. To the extent that actual fees of G&M are less than $2,000.00, G&M will only seek payment from the Debtors for services actually rendered.

## RELIEF REQUESTED

17. G&M is seeking final approval of all fees and expenses incurred in these cases, including those allowed under the First Interim Order, Second Interim Order, Third Interim Order, and this Application.

18. Accordingly, G&M seeks the following relief:

    a. Final approval of $6,637.00 in compensation, and $211.00 in reimbursable

  expenses, for the Fourth Application Period;

  b. Final approval of compensation in the aggregate amount of $97,162.50, and reimbursable expenses in the aggregate amount of $936.13, for the Case Period; and

  c. An order directing the Debtors to remit payment to G&M in the amount of $39,562.55, representing all approved and unpaid compensation and reimbursable expenses for the Case Period.

19. Narrative summaries of the services rendered by G&M during the Application Period are set forth below. In addition, itemized statements, which set forth in detail the services rendered by G&M professionals during the Application Period, are attached hereto as <u>Exhibit A</u>.

## **BASIS FOR RELIEF**

20. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award ... reasonable compensation for actual, necessary services rendered by the ... attorney and by any paraprofessional person ... and ... reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including- (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

21. The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in

> payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

22. In reviewing the Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

23. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal

services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, Westlaw). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

24. In evaluating the Application, this Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by G&M's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531,534 (Bankr. N.D. Ill. 1990).

**SERVICES PERFORMED DURING APPLICATION PERIOD**

17. All services performed by G&M fall within the description of services that G&M agreed to provide to the Committee and are within the scope of services described in the Committee's application to retain and employ G&M as its counsel.

18. G&M's hourly rate of compensation for its professionals during the Application Period ranges from $315 to $475. The rates charged herein are comparable to rates charged by other attorneys having the same amount of experience, expertise, and standing for similar services. G&M consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible. The reasonable value of the services rendered by G&M as the Committee's counsel for which compensation is hereby sought is $6,637.00 for services rendered during the Application Period.

19. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and

reasonable given: (a) the complexity of these case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

20. G&M reserves the right to correct, amend, or supplement this Application.

## SUMMARY OF SERVICES

21. A summary of the compensation requested herein for the Fourth Application Period, broken down by each of the G&M professionals who provided services during such period, is set forth in the chart below:

| Name of Professional Person (Title) | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|
| Brian J. Jackiw, Partner | $335.00 - $355.00 | 1.5 | $514.50 |
| Thomas R. Fawkes, Partner | $450.00 - $475.00 | 8.9 | $4,122.50 |
| TOTAL | (blended rate) $445.87 | 10.4 | $4,637.00 |

22. Further, a summary of the compensation requested herein for the Fourth Application Period, broken down by the services rendered provided, is set forth in the chart below:

| Category of Services | Total Hours | Total Fees |
|---|---|---|
| G&M Retention and Fee Applications | 2.1 | $945.00 |
| Other Professional Retention and Fee Applications | 0.5 | $237.50 |
| Committee Meetings and Governance | 0.5 | $225.00 |
| Asset Sales | 6.3 | $2,759.50 |
| General/Case Administration | 0.8 | $380.00 |
| Creditor Inquiries | 0.2 | $90.00 |
| TOTAL | 10.4 | $4,637.00 |

**BENEFIT TO THE ESTATE**

23. G&M's efforts have substantially benefited the estate. G&M's efforts have ensured that the Committee was adequately informed as to the various developments throughout the Debtors' chapter 11 cases thus far. G&M attorneys have spent significant amounts of time investigating potential avenues of recovery, consulting with Debtor's counsel, its professionals, as well as the secured lender's professionals. Moreover, G&M's efforts have preserved the value of the estate's assets, and has facilitated the going-concern sale of substantially all of the Debtors' assets, which will preserve jobs, as well as vendor and customer relationships, at the Debtors' facilities.

24. G&M has been instrumental to the Committee in providing consultation, analysis, and advice on business matters and transactions of the Debtor during the Fourth Application Period.

25. Generally, G&M has provided the following general services:

**A.     General**

20. G&M spent 0.8 hours at a cost of $380.00 on general matters. This category primarily includes time spent performing necessary case administration tasks (including maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents), reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, and corresponding with parties-in-interest concerning general case matters. This category also includes matters which encompass more than one other discrete category.

**B.    G&M Retention and Fee Applications**

21.    G&M spent 2.1 hours at a cost of $945.00 on G&M retention and fee application issues. This category includes time spent drafting and prosecuting the Third Interim Application.

**C.    Other Professional Retention and Fee Applications**

22.    G&M spent 0.5 hours at a cost of $237.50 on other professional retention and fee application issues. This category includes time spent reviewing the final fee applications filed by the Debtors' professionals.

**E.    Committee Governance and Meetings**

23.    G&M spent 0.5 hours at a cost of $225.00 on Committee governance and meetings matters. Time spent in this category included arranging, participating and leading telephonic meetings of the Committee, during which the Committee was apprised of case matters, and during which the Committee deliberated and voted on material case matters, as well as corresponding with Committee members.

**F.    Asset Disposition/Asset Sales**

24.    G&M spent 6.3 hours at a cost of $2,759.50 on asset sale matters. The category includes time spent corresponding with parties in interest regarding the Debtors' sale process, attending and participating in the auction for the Debtors' assets and associated Court hearings, and reviewing transactional agreements and related approval orders.

**G.    Creditor Inquiries**

25.    G&M spent 0.2 hours at a cost of $90.00 addressing various inquiries from creditors, including related to post-petition defaults of the Debtors.

## EXPENSES REQUESTED

26.     Fees requested in this case were incurred in the ordinary course of representing the Committee and were necessary for the successful representation of the same.  Amounts spent and categories of such expenses are as follows:

   a. PACER – G&M incurred PACER charges of $6.40.  Whenever possible, G&M downloads documents so as to incur charges only one time.  G&M does not charge a premium on PACER searches, and this amount is the exact amount paid by G&M.

   b. Postage – G&M incurred charges in the amount of $70.00 for postage related to required service of pleadings and notices to creditors and other parties in interest.  Postage charges are billed at actual cost.

   c. Photocopies – G&M incurred photocopying costs of $134.60, related to copies of pleadings and notices required to be served on parties.  G&M bills for photocopies at a rate of $0.10 per page.

## REQUEST TO LIMIT NOTICE

27.     Pursuant to Bankruptcy Rules 9019(a) and 2002(a)(6), twenty-one days' notice of a motion to approve a request for compensation (if the amount requested is greater than $1,000.00) is required.  However, Bankruptcy Rule 9006(c) states that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c).

28.     Here, all creditors listed on the Debtors' mailing matrices will receive a copy of the notice of this Application and will have twenty days to object, only one less day than is

required under the Bankruptcy Rules. G&M therefore requests that this Court limit notice to twenty days, with respect to this Application.

29. Notice of this Application will be provided to: (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) counsel to Inland Bank and Trust; (d) all of the Debtors' unsecured creditors; and (e) any other party requesting service of pleadings in these chapter 11 cases via CM/ECF. The Committee respectfully submits that no further notice is required under the circumstances.

**WHEREFORE**, G&M respectfully requests that this Court enter an order:

(a) allowing final compensation for the Fourth Application Period in the amount of $6,637.00;

(b) allowing, on an final basis, expenses incurred by G&M for the Fourth Application Period in the amount of $211.00;

(c) allowing, on a final basis, compensation for the Case Period in the aggregate amount of $97,162.50;

(d) allowing, on a final basis, expenses incurred by G&M for the Case Period in the aggregate amount of $936.13;

(e) directing the Debtors or their estates to pay to G&M the aggregate amount of $39,562.55, for allowed and previously unpaid compensation and expenses as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code); and

(f) granting such order and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 26, 2018

**GOLDSTEIN & MCCLINTOCK LLLP**

By: /s/ Thomas R. Fawkes
      One of Its Attorneys

Thomas R. Fawkes, Esq.
Brian J. Jackiw, Esq.
**GOLDSTEIN & MCCLINTOCK LLLP**
111 West Washington Street, Suite 1221
Chicago, Illinois 60604
Phone: (312) 337-7700
Fax: (312) 277-2305
e-mail: tomf@goldmclaw.com

*Counsel to the Official Committee of Unsecured Creditors*